```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION


BELLA L. McMILLAN,                  :
                                    :
     Plaintiff,                     :
                                    :
vs.                                 :      CIVIL ACTION 98-0778-CB-M
                                    :
JO ANNE B. BARNHART,                :
Commissioner of                     :
Social Security,                    :
                                    :
     Defendant.                     :
```

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's attorney's Petition for Authorization of Attorney Fees (Doc. 40) and Defendant's Response to Plaintiff's Petition for Attorney's Fees (Doc. 41). After consideration of all pertinent materials in the file, it is recommended, without objection from Defendant, that Plaintiff's attorney's Petition for Authorization of Attorney Fees under 42 U.S.C. § 406(b) be granted and that Plaintiff's attorney, Byron A. Lassiter, be awarded a fee of $6,234.25 for his services before the Court.

Plaintiff Bella L. McMillan hired Mr. Lassiter on February 12, 1997, to pursue her claims for a period of disability, Disability Insurance Benefits, and Supplemental Security Income benefits after her claims were initially denied and upon reconsideration. At that time, it was agreed that Mr. Lassiter

would receive 25 percent of past-due disability benefits due Plaintiff and her family.  A written contingent fee agreement was executed by Plaintiff on July 21, 1998, just prior to filing this action in federal court (Doc. 40, Ex. C).

For the past approximately 8 years and 3 months, counsel has prosecuted Plaintiff's claims before both the Social Security Administration (SSA) and this Court.  Plaintiff filed protective applications for disability benefits and SSI on March 27, 1996, and August 21, 1996.  Benefits were denied initially and upon reconsideration.  The claims were also denied at the hearing level by an ALJ on February 5, 1997.  Plaintiff requested review of the hearing decision by the Appeals Council on February 24, 1997, and, on June 29, 1998, the Appeals Council denied the request for review.  On behalf of Plaintiff, Mr. Lassiter commenced this action on July 30, 1998, for judicial review of that decision (Doc. 1).  See 42 U.S.C. §405(g).

On October 12, 1999, a Report and Recommendation was entered by Magistrate Judge Paul Game, Jr., that this action be remanded to the Social Security Administration for further administrative proceedings pursuant to sentence six of 42 U.S.C. 405(g) in light of new evidence (Doc. 16).  By Order and Judgment dated October 26, 1999, Judge Charles R. Butler adopted the Report and Recommendation and remanded this action to the

Secretary for further administrative proceedings pursuant to sentence six of § 405(g) (Docs. 18, 19).

On February 28, 2001, upon inquiry by Mr. Lassiter, the U. S. Attorney determined that the Appeals Council never received the Court's remand order and indicated that the Appeals Council would expedite the matter.  On July 11, 2001, the Appeals Council vacated its prior action of June 29, 1999, denying Plaintiff's request for review of the ALJ's decision issued on February 5, 1997, in order to consider the additional evidence. A hearing was held by the ALJ concerning Plaintiff's claims on June 19, 2002, after which he issued a decision on September 27, 2002, again denying Plaintiff's claims.  Plaintiff timely requested review of the ALJ's decision by submitting written exceptions to the Appeals Council on October 28, 2002.  On November 21, 2003, the Appeals Council granted the request for review and remanded the claims for further proceedings.

On April 20, 2004, the Commissioner filed a Motion to Reopen Case (Doc. 20), which motion was granted and the case reopened on April 21, 2004 (Doc. 22).  On May 18, 2004, Plaintiff filed a Motion to Supplement the Record and Motion for Extension of Time (Doc. 24), as amended (Doc. 25).  In the Motion, Plaintiff stated that Defendant's Motion to Reinstate was premature in that there was no final decision of the

Commissioner to be reviewed and, thus, this Court lacked jurisdiction under 42 U.S.C. § 405(g).  In her response filed on July 20, 2004, the Commissioner argued that there was a final decision and, therefore, this matter was properly before the Court (Doc. 29).

On July 23, 2004, Plaintiff filed a Motion to Dismiss which outlined the procedural history of Plaintiff's claims and explained that the directions of the Appeals Council in its remand order of November 21 2003, had not been fulfilled and the matter was pending at the Office of Hearings and Appeals with a hearing scheduled for August 11, 2004 (Doc. 30).  On August 5, 2004, Defendant filed a Response to Plaintiff's Motion to Dismiss, maintaining the argument that the Appeals Council's remand order of November 21, 2003, was not relevant to Plaintiff's current case before the Court (Doc. 31).

Pursuant to the Appeals Council's November 21, 2003, order, a hearing was held on Plaintiff's claims by another ALJ on August 11, 2004, and, on September 24, 2004, he issued a decision in which he found that Plaintiff has been disabled since July 20, 1999, and was entitled to benefits under Titles II and XVI of the Social Security Act.  On October 18, 2004, Plaintiff filed a Notice of Administrative Action, as well as an affidavit, addressing the fact that the ALJ held a hearing on

August 11, 2004, after which he found Plaintiff disabled (Docs. 34, 35, 36).  Plaintiff also stated that because the Commissioner had assumed jurisdiction of this matter at the administrative level and granted Plaintiff the requested relief, there was no controversy between the parties and no request for review of the Commissioner's action.  Therefore, Plaintiff argued that this Court lacked jurisdiction and the Plaintiff's Motion to Dismiss was due to be granted.  On October 29, 2004, the undersigned entered a Report and Recommendation that Plaintiff's Motion to Dismiss be granted and that judgment be entered in favor of Plaintiff (Doc. 37).  That same date, Judge Butler adopted the Report and Recommendation and entered judgment in favor of Plaintiff (Docs. 38, 39).

Mr. Lassiter received a copy of Plaintiff's Notice of Award dated February 19, 2005 (Doc. 40, Ex. B), which stated that the total amount of Plaintiff's past-due benefits was $46,137.00 and that $11,534.25, representing 25 percent of Plaintiff's total past-due benefits, was withheld for payment of attorney's fees.

On April 18, 2005, Mr. Lassiter filed the pending Petition for Authorization of Attorney Fees for services before this Court, requesting approval of a fee in the amount of $6,234.25 (Doc. 40).  The SSA withheld $11,534.25, representing 25 percent of past-due disability insurance benefits due Plaintiff for

payment of an attorney's fee.  Mr. Lassiter spent a total of 28.5 hours before this Court and has represented Plaintiff before this Court since 1998, when the complaint for judicial review was filed, without compensation for his time spent before this Court (Doc. 40).  Mr. Lassiter has filed a separate fee petition with the ALJ requesting approval of administrative attorney fees in the amount of $5,300.00.  That fee when added to the $6,234.25 requested in this Petition totals $11,534.25, representing 25 percent of Plaintiff's past-due benefits.  Defendant has responded that she does not oppose Plaintiff's Petition for Authorization of Attorney Fees (Doc. 41).

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that when a court renders a favorable judgment to a Social Security claimant "[w]ho was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"  42 U.S.C. § 406(b)(1)(A).[1]  The fee is payable "out of, and not in addition to, the amount of [the]

---

[1] "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)."  Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).

past-due benefits." Ibid.  Section 406(b) thus "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum." Watford v. Heckler, 765 F.2d 1562, 1566 (11th Cir. 1985)(citations omitted)(emphasis in original); see Meyer v. Sullivan, 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Act is limited to 25 percent of the past-due benefits awarded).

Although the SSA does not withhold funds from an award of SSI benefits for the payment of attorney's fees, an attorney may be able to collect a fee for such Title XVI representation directly from his or her client pursuant to their fee agreement. Motley v. Heckler, 800 F.2d 1253, 1255 n.5 (4th Cir. 1986). Furthermore, while it is clear that the Secretary [now Commissioner] must approve any fee for Title XVI services performed at the administrative level, Motley, 800 F.2d at 1255, n.3 (citing 20 C.F.R. § 416.1520), it is not clear whether this Court is required to approve a Title XVI fee for services performed before this Court or any appellate court.  See Motley, supra.  However, given the fact that counsel requests court approval of the fee, and given the purpose of Title XVI, which is to provide benefits to financially needy individuals who are aged, blind, or disabled, regardless of their insured status,

the undersigned is of the opinion that the Court should consider whether the fee requested is reasonable and specifically authorize counsel's withdrawal of such a fee from a trust or escrow account.

Eleventh Circuit precedent, see <u>Kay v. Apfel</u>, 176 F.3d 1322 (11th Cir. 1999), <u>abrogated by Gisbrecht v. Barnhart</u>, 535 U.S. 789, 122 S.Ct. 1817(2002)(decided May 28, 2002), previously required the "lodestar" method, under which the number of hours reasonably devoted to the action was multiplied by a reasonable hourly fee, to be the starting point and centerpiece for the courts in calculating reasonable § 406(b) fees.  The existence of a contingent-fee agreement was just one of a number of different factors to be considered in adjusting the lodestar amount upward or downward.  <u>Id</u>. at 1327.

The Supreme Court in <u>Gisbrecht</u>, in resolving the division among the circuits on the appropriate method of calculating fees under § 406(b), concluded that Congress designed § 406(b) to control, not to displace, fee agreements between Social Security benefit claimants and their counsel, <u>Id</u>. at 1817, and that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as

an independent check, to assure that they yield reasonable results in particular cases". Id. at 1828.  Congress has provided one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  Within the 25 percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.  Id. at 1828.

The fees provided for in 42 U.S.C. § 406(b) are in addition to those provided in § 406(a), which states that the Commissioner may award attorney's fees, to a successful claimant's attorney for work performed before the Social Security Administration.  Fees awarded pursuant to § 406(a) and § 406(b) are awarded in addition to any attorney's fees a claimant's attorney may receive pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(EAJA), if the Commissioner's position before the Court was not "substantially justified." Gisbrecht, 122 S.Ct. at 1822.  In order to avoid a double recovery of attorney's fees, a claimant's attorney who is awarded attorney's fees under § 406(b) and the EAJA must refund the lesser amount to his or her client.  Id. at 1822.

The Supreme Court in Gisbrecht did not set out the specific factors that the district courts are to consider when reviewing fees yielded by a contingent-fee agreement but it did cite with

approval the opinions of courts in several circuits that give effect to the contingent-fee agreements, if the resulting fee is reasonable.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. See, e.g., McGuire V. Sullivan, 873 F.2d 974, 983 (C.A.7 1989) ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms."); Lewis v. Secretary of Health and Human Servs., 707 F.2d 246, 249-250 (C.A.6 1983)(instructing reduced fee when representation is substandard). If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. See Rodriquez v. Bowen, 865 F.2d 739, 746-747 (C.A.6 1989). If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. See id., at 747 (reviewing court should disallow "windfalls for lawyers"); Wells v. Sullivan, 907 F.2d 367, 372 (C.A.2 1990)(same). In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases. See Rodriquez, 865 F.2d at 741. Judges of

> our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

122 S.Ct. at 1828-1829.

A contingent-fee arrangement is unreasonable where the contingency percentage is over the 25 percent cap, where there is evidence of fraud or overreaching in making the agreement, or where the requested amount is so large as to be a windfall to the attorney.  <u>Wells</u>, 907 F.2d at 372.  A district court, upon finding the contingent-fee agreement provides for an unreasonable fee, may reduce the fee provided it states reasons for and the amount of the reduction.  <u>Id</u>. at 372.

Therefore, it appears that the Supreme Court intends the district courts to give great deference to the contingent-fee agreements and to uphold them if the fees produced by them are reasonable.  Factors that may be considered in reviewing for reasonableness are (1) the character of representation; (2) the result achieved by the attorney; (3) any delay caused by the attorney; (4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; (5) fraud or overreaching in making the agreement and (6) the requested fee does not exceed 25 percent of past-due benefits.

11

After reviewing the fee petition and the file, including Defendant's response, in light of the guidance provided by <u>Gisbrecht</u> and the opinions cited above, the Court finds that Mr. Lassiter has diligently represented Plaintiff since 1998 in this Court and has been successful in obtaining past-due benefits for Plaintiff.  There is no evidence that Mr. Lassiter contributed to any undue delay in this action, either before the Commissioner or before this Court, nor evidence of any fraud or overreaching in procuring or making the contingent-fee agreement.  Plaintiff has signed a fee agreement, in which she agrees to the fee being requested by Mr. Lassiter.  The total fee requested does not exceed 25 percent of past-due benefits and comports with Plaintiff's contingent-fee agreement with his attorney.  The requested fee is not so large as to be a windfall or unreasonable.  The Court finds that the requested fee of $6,234.25 reasonable for the services rendered before this Court.

Therefore, it is recommended, without objection from Defendant, that Plaintiff's attorney's Petition for Authorization of Attorney Fees be granted and that Plaintiff's attorney be awarded a fee of $6,234.25 for his services before this Court.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION

AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

   A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay
the fee for a transcript, is advised that a judicial
determination that transcription is necessary is required
before the United States will pay the cost of the transcript.

    DONE this 12th day of May, 2005.

                                      s/BERT W. MILLING, JR.
                                      UNITED STATES MAGISTRATE JUDGE